976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William J. CANTREL and Juan Medina, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5027.
 United States Court of Appeals, Federal Circuit.
 Aug. 26, 1992.
 
 Before ARCHER, LOURIE and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 William J. Cantrel and Juan Medina appeal the October 30, 1991 judgment of the United States Claims Court dismissing their complaint for lack of subject matter jurisdiction. Cantrel v. United States, No. 90-704C (Cl.Ct. Oct. 30, 1991). We affirm.
 
 
 2
 Cantrel and Medina were employed as plumber/pipefitters at the National Institute of Standards and Technology (NIST) in Boulder, Colorado. Cantrel worked from 1954 until he retired in 1985; Medina began work in 1960 and retired in 1989. Both were exposed in the workplace to friable asbestos, a substance the Claims Court correctly found to have been known since the early 1980's as a significant health hazard. On July 30, 1990, Cantrel and Medina sued the United States in the Claims Court, seeking environmental hazard differential pay (EDP) under 5 U.S.C. § 5545(d) (1988). Both alleged that their claims for EDP arose during the course of their employment.
 
 
 3
 While employed, Cantrel and Medina were both subject to collective bargaining agreements (CBA or agreement) between NIST and the American Federation of Government Employees, Local 2186. Those agreements contained provisions which explicitly stated that the grievance and arbitration procedures were the exclusive means for resolution of "any complaint ... concerning any matter relating to the employment of the bargaining unit employee" and of "grievances as defined in 5 U.S.C. § 7103(a)(9)." The agreements contained express obligations on NIST to provide safe and healthful workplaces. However, they did not expressly or implicitly exclude from the exclusive grievance and arbitration procedures claims for EDP arising from NIST's failure to honor its commitment to a safe and healthful workplace. Under Harris v. United States, 841 F.2d 1097, 1100 (Fed.Cir.1988), EDP claims are subject to grievance and arbitration if not expressly excluded from that remedial process by the specific terms of the collective bargaining agreement.
 
 
 4
 Pursuant to the collective bargaining agreement, Local 2186 initiated a grievance on December 23, 1986, for all bargaining unit employees seeking EDP for the preceding six years and for future employment. The union stated that it had been seeking EDP for at least three years because the employees had been exposed to unhealthful levels of asbestos since at least 1981. On December 26, 1989, the union settled the EDP grievance "without resort to arbitration or litigation." The settlement, however, awarded EDP only to persons employed in the bargaining unit as of the date of the settlement. EDP for former employees, such as retirees Cantrel and Medina, was not provided for in the settlement negotiated between the union and NIST. Cantrel retired two years after his union first sought EDP, but before the union initiated its grievance. Medina retired after the union began the grievance but before the union agreed to the settlement that excluded EDP claims of former employees.
 
 
 5
 In Muniz v. United States, Nos. 91-1238, 91-1309, 91-5069, (Fed.Cir. August 17, 1992), this court held that the federal courts lack jurisdiction to hear claims not statutorily excluded from CBA coverage, unless such claims are explicitly and unambiguously excluded from the grievance and arbitration processes of the CBA. Slip op. at 10. The EDP claims in this case are not so excluded. Muniz also held that former employees making claims subject to grievance and arbitration which arose during the course of their employment must pursue those claims under the exclusive grievance and arbitration processes of the agreement. Thus, even though the employees are no longer employed under a CBA, the Claims Court lacks jurisdiction to adjudicate their EDP claims that arose during the course of their employment. Id. at 15. Consequently, the Claims Court was correct in dismissing the complaint of Cantrel and Medina.
 
 
 6
 Whether Cantrel and Medina have a cause of action against the union for failure of representation, as the government suggested in the Claims Court, is not a question before us for decision.